UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MENDEZ-BAROCIO,<br><br>Petitioner,<br><br>v.<br><br>RICHARD VALINKEN, et al.,<br><br>Respondent. | 1:19 -cv-01319 SKO (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 4) |

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner states he lacks education, knowledge of the law, and expertise in the legal issues in this case. He claims the case is complex, he will have difficulty articulating his claims, and he cannot afford an attorney. These circumstances are not exceptional in that most prisoners share them. Moreover, the pleadings that Petitioner has filed to date – petition (Doc. 1), declaration (Doc. 2), motion to proceed in forma pauperis (Doc. 3), motion for appointment of counsel (Doc. 4), and motion for stay of removal (Doc. 5) – are

1

well pled and belie the argument that Petitioner cannot effectively articulate his claims. Therefore, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **September 24, 2019**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE