# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MENDEZ-BAROCIO,<br><br>    Petitioner,<br><br>    v.<br><br>RICHARD VALINKEN, et al.,<br><br>    Respondents. | Case No.: 1:19-cv-01319-SKO (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION FOR STAY<br>[Docs. 1, 5]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

    Petitioner is an immigration detainee proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 11, 21.)

    Petitioner filed the instant petition on September 20, 2019, along with a motion for stay of removal. (Docs. 1, 5.) He challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). He claims he should be granted a bond hearing before an Immigration Judge because he has been detained for sixteen months with no reasonable likelihood of removal in the foreseeable future.

Respondent filed a response to the petition on December 23, 2019. (Doc. 15.) Respondent contends that Petitioner is not entitled to a bond hearing, that his continued detention is lawful and constitutional, and that the delay in his removal is a direct result of Petitioner's own actions in seeking a stay of removal from the Ninth Circuit.

On January 27, 2020, Petitioner filed a reply to Respondent's response. (Doc.17.) The reply for the most part is a replication of the opinion in Rodriguez v. Nielsen, 2019 WL 7491555 (N.D. Cal. 2019). Petitioner contends Respondent's arguments are incorrect, and he is entitled to a bond hearing.

The Court agrees with Respondent that Petitioner is not entitled to a bond hearing before an immigration judge, or any other relief. For the reasons discussed below, the Court will DENY the petition and motion for stay.

## I.    BACKGROUND[1]

Petitioner is a native and citizen of Mexico who adjusted his status to that of a lawful permanent resident on January 12, 1990. He was convicted on May 9, 2007, in Monterey County, California, of one count of attempted murder, six counts of assault with a deadly weapon, two counts of preventing/dissuading a witness, and one count of threats of violence. After completion of his 14-year sentence, he was immediately transferred to ICE custody on May 29, 2018, where he has remained since.

On August 24, 2018, an Immigration Judge ordered Petitioner removed from the United States because of his convictions. Petitioner appealed to the Board of Immigration Appeals ("BIA"), and the BIA dismissed the appeal on March 7, 2019, affirming the Immigration Judge's decision. On March 15, 2019, Petitioner filed a petition for review and motion for stay in the Ninth Circuit Court of Appeals. On May 24, 2019, ICE issued a decision to continue Petitioner's detention pending the resolution of his petition for review in the Ninth Circuit. On September 17, 2019, the Ninth Circuit granted a stay of removal. The Ninth Circuit further set the due date for Petitioner's opening brief on appeal for November 18, 2019. On November 20, 2019, the Ninth Circuit granted Petitioner's request

---

[1] This information is derived from the petition, response, exhibits attached to the response, and the reply. (Docs. 1, 15, 17.)

for a 90-day extension of time to file an opening brief and set the due date for February 18, 2020. On November 4, 2019, ICE issued a second decision to continue detention.

## II.     DISCUSSION

Petitioner claims he is being held in detention pursuant to 8 U.S.C. § 1231(a)(6). He states that § 1231(a) requires detention during a 90-day removal period, but after the 90 days, detention is authorized at the discretion of the Attorney General. He contends that once detention becomes prolonged, as is the case here, the detainee must be provided with adequate bond hearings. Since Petitioner has remained in custody for 16 months without a bond hearing, he contends that the Court should order that a bond hearing be held before an Immigration Judge.

As Respondent correctly notes, Petitioner is not being held in detention pursuant to 8 U.S.C. § 1231(a)(6). While it is true that Petitioner was being detained under §§ 1231(a)(2) and (a)(6) during and beyond the removal period after his order of removal was administratively final, once he petitioned for review and obtained a stay from the Ninth Circuit Court of Appeals, detention authority shifted to 8 U.S.C. § 1226(a). See Prieto-Romero v. Clark, 534 F.3d 1053, 1058-1062 (9th Cir. 2008) (holding that "§ 1231(a) does not provide authority to detain an alien whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review. Such aliens may be detained, however, pursuant to § 1226(a)"). Therefore, Petitioner is being detained pursuant to § 1226(a).

Section 1226(a) permits the Attorney General to release aliens on bond, "[e]xcept as provided in subsection (c)." Section 1226(c) in turn states that the Attorney General "shall take into custody any alien who" falls into one of the enumerated categories involving criminal offenses and terrorist activities. 8 U.S.C. § 1226(c)(1). Section 1226(c)(2) then states that the Attorney General may release an alien described in § 1226(c)(1) "'*only if* the Attorney General decides' both that doing so is necessary for witness-protection purposes and that the alien will not pose a danger or flight risk." Jennings v. Rodriguez, __ U.S.__, __, 138 S.Ct. 830, 846 (2018) (citing 8 U.S.C. § 1226(c)(2)) (emphasis in original). In Jennings, the Supreme Court held that "together with § 1226(a), § 1226(c) makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States.'" Id. (citing 8 U.S.C. § 1226(a)). Further, the Supreme

3

Court noted that "[b]y expressly stating that the covered aliens may be released 'only if' certain conditions are met, 8 U.S.C. § 1226(c)(2), the statute expressly and unequivocally imposes an affirmative *prohibition* on releasing detained aliens under any other conditions." Id. at 847 (emphasis in original). Thus, the Supreme Court held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes." Id.

In this case, Petitioner was convicted of aggravated felonies including, *inter alia*, attempted murder and assault with a deadly weapon. Such convictions, being crimes involving moral turpitude or attempts to commit such crimes, fall under 8 U.S.C. §§ 1226(c)(1)(A). Pursuant to the Supreme Court's holding in Jennings and § 1226(c), the Attorney General is mandated to detain Petitioner while the petition for review is pending before the Ninth Circuit. In addition, the statute does not require or provide for periodic bond hearings. It is presumed that Petitioner's detention without periodic bond hearings is constitutional, United States v. Morrison, 529 U.S. 598, 607 (2000), and Petitioner fails to overcome this presumption. Detention is not indefinite in nature. It is prolonged, but this is so because Petitioner has caused the delay by seeking a petition for review, a stay of removal, and extensions of time in the appellate court. Detention will end once the Ninth Circuit renders its decision in the matter. As stated by the Supreme Court in Jennings:

> In Demore v. Kim, 538 U.S. [510], 529 [2003] we distinguished § 1226(c) from the statutory provision in Zadvydas by pointing out that detention under § 1226(c) has 'a definite termination point': the conclusion of removal proceedings. As we made clear there, that 'definite termination point' -- and not some arbitrary time limit devised by courts -- marks the end of the Government's detention authority under § 1226(c).

Jennings, 138 S.Ct. at 846.

Accordingly, a bond hearing is not required, and the petition should be dismissed. Petitioner has also moved for a stay of removal. Insofar as Petitioner has already been granted a stay of removal by the Ninth Circuit, his motion is moot.

///
///
///
///

## III. ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1) The petition for writ of habeas corpus is DENIED;
2) Petitioner's motion for stay of proceedings (Doc. 5) is DENIED; and
3) The Clerk of Court is DIRECTED to enter judgment for Respondent and close the case.

IT IS SO ORDERED.

Dated: **January 31, 2020**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE